IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM MICHAEL POSEY, JR.,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. DLB-23-3453 |
| **MARIA V. NAVARRO,** *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

William and Chivonne Posey, who are self-represented, filed a complaint against the Board of Education of Charles County ("BOE") and several BOE employees and board members (collectively, the "BOE defendants"). The Poseys claim that the BOE defendants should have granted their request to exempt their daughter from a school program's vaccination requirement. They assert a violation of their First Amendment right to free exercise of religion and a violation of Title IV of the Civil Rights Act of 1964. The BOE defendants move to dismiss the complaint. For the following reasons, the motion to dismiss is granted and the claims are dismissed.

**I.     Background**

The Court accepts the following well-pleaded factual allegations in the complaint as true. The Court includes, when appropriate, the facts in a Maryland State Board of Education ("State Board") opinion regarding the underlying dispute, in which the Poseys prevailed.[1]

---

[1] MSBE Op. No. 23-04 (Feb. 28, 2023), https://marylandpublicschools.org/stateboard/Documents/ legalopinions/2023/02/WilliamandChivonneP.Op.No.23-04.pdf  [https://perma.cc/SA5R-KRY5]. The Court may take judicial notice of matters of public record on a motion to dismiss without converting it to a motion for summary judgment. *See* Fed. R. Evid. 201(b)(2); *Sec'y of State for Def. v. Trimble Navigation, Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016) (taking judicial notice of a State Board opinion as a public record).

During the 2021–2022 school year, the Poseys' daughter, C.P., enrolled at North Point High School in Charles County "for the sole purpose of participating" in a Career Technical Education nursing program; it was not her zoned school. MSBE Op. No. 23-04, at 1. To get into the nursing program, C.P. underwent a "competitive selection process." ECF 6, at 6. Students selected for the program work in a hospital in partnership with the University of Maryland Charles Regional Medical Center ("UMCRMC") and earn several certifications in the process. *Id.*

To participate in the program, C.P. had to agree to an Acceptance Contract and a Program Contract. MSBE Op. No. 23-04, at 1. On April 7, 2021, C.P. and her mother, Chivonne, signed the contracts, which provided that, if C.P. dropped out of or failed the program, she would be required to enroll in her zoned high school for the following school year. *Id.* at 1–2. The contracts also required C.P. to "abide by all of the facilities' existing policies and procedures," which expressly included up-to-date Influenza and COVID vaccinations. *Id.* at 2. Separately, UMCRMC's agreement with the Charles County Board of Education required North Point staff to supply proof of each nursing student's vaccination status 14 days before the student began working in clinical settings within the hospital. *Id.*

C.P.'s first year at North Point High School did not involve any clinical experience. *Id.* In June 2022, "[i]n preparation for the clinical work" the following academic year, the Poseys asked to meet with North Point's principal "to ask for a religious exemption for the COVID-19 vaccination, all subsequent boosters, and the influenza vaccination." *Id.* The Poseys were told there were no exceptions to the vaccination requirement. *Id.* The Poseys refused to vaccinate C.P. *See* ECF 6, at 6. In consequence, C.P. was "expelled from this program at the conclusion of her 9th grade year." *Id.*

The Poseys objected to the decision to expel C.P. As they explained: "Our beliefs and what we stand on does not allow us to participate in these vaccinations." *Id.* They appealed the principal's decision to the Executive Director of Schools, sought to enroll C.P. in a different program at North Point High School, and submitted a School Change Request from their boundary school to keep C.P. enrolled at North Point. MSBE Op. No. 23-04, at 3. Each request was denied. *Id.* The Poseys then appealed her expulsion from the program to the Charles County Board of Education. *Id.* The BOE denied the Poseys' appeal, noting that the Poseys voluntarily chose not to comply with the nursing program's requirements, which they knew about when C.P. enrolled in the program. *Id.* The BOE also held that, while the school system did not have a vaccine mandate, the mandate at issue was a religion-neutral requirement of UMCRMC. *Id.*

The Poseys appealed to the State Board. That entity found that the BOE's decision was "unreasonable and arbitrary" and "contrary to sound educational policy" because school staff did not "investigate the matter and determine UMCRMC's full policies." *Id.* at 5. The matter was remanded back to the Charles County Board of Education, and C.P. was eventually reinstated into the program. *Id.* at 6.

The Poseys say C.P. was forced to enroll in her zoned school for the 2022–2023 school year, where she was separated from her friends, sports team, and orchestra, and where "she was also assaulted by a staff member." ECF 6, at 6. She has to make up courses and is unable to enroll in any elective courses during her final two years of high school. *Id.*

The Poseys allege that the BOE and several BOE employees and members violated their First Amendment freedom of exercise rights and their rights under Title IV of the Civil Rights Act of 1964, 42 U.S.C. § 2000c *et seq.* ECF 6, at 4. The Poseys list eight people as defendants in their complaint caption: Maria V. Navarro, Michael Lukas, David Hancock, Jr., Elizabeth Brown,

Jennifer S. Abell, Latina Wilson, Marvin L. Jones, and Virginia R. McGraw. *Id.* at 1. But they identify only four of them as parties to the case: Michael Lukas, Maria V. Navarro, Virginia R. McGraw, and David Hancock, Jr. *Id.* at 2–3. The Poseys seek compensatory damages of $500,000.00 for time spent appealing the BOE's decision, for the stress the appeals process caused to their family, as compensation for C.P. "missing important developmental experiences," as financial support for college to account for the inability to stay enrolled in the program, and for "being assaulted in the school she transferred to as a result of being expelled." *Id.* at 7.

The defendants move to dismiss the claims for failure to state a claim. ECF 13. The motion is fully briefed. ECF 18 & 20. No hearing is necessary. *See* Loc. R. 105.6.

## II. Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore County*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, a court is "compelled to construe [pro se] pleadings liberally." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [a court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" a court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, "[w]hile [a court] construe[s] allegations in a pro se complaint liberally, a complaint still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016)).

**III.   Discussion**

The Poseys allege the defendants violated their First Amendment religious exercise rights and their rights under Title IV of the Civil Rights Act. The Poseys have not plausibly stated either claim.

**A.   First Amendment**

The Poseys assert a violation of the First Amendment. Although they do not allege they are asserting a constitutional claim under 42 U.S.C. § 1983, the Court construes their complaint to assert a § 1983 claim. Under § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights

5

elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009). Two elements are essential to state a claim under § 1983: (1) the plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Poseys sue the BOE and employees and members of the BOE. The Poseys do not allege whether they are suing the BOE employees and members in their official or individual capacities. Either way, their § 1983 claim against the BOE and the BOE employees and members fails.

State agencies are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The BOE is a state agency. *See Bd. of Educ. of Balt. Cnty. v. Zimmer-Rubert*, 973 A.2d 233, 236 (Md. 2009) ("We have long considered county school boards to be State agencies rather than independent, local bodies."). State officials acting in their official capacity are not "persons" within the meaning of § 1983 either. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (explaining that "official capacity" claims should be treated as suits against the State agency itself because such claims "generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Will*, 491 U.S. at 71 (stating that "neither a State agency nor its officials acting in their official capacities are 'persons' under § 1983"). Thus, the BOE and the BOE employees and members acting in their official capacities are not "persons" subject to suit under § 1983. The claims against them are dismissed with prejudice. *James v. Frederick Cnty. Pub. Schs.*, 441 F. Supp. 2d 755, 760 (D. Md. 2006) (dismissing with prejudice a

§ 1983 claim against Frederick County Board of Education because "county boards of education of Maryland are state agencies").

If the Poseys sue the BOE members and employees in their individual capacities, the claim fails for a different reason. To state a claim against a person in their individual capacity under § 1983, the plaintiff must allege that the defendant personally participated in the constitutional violation. *See Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018). To adequately allege that a BOE member or employee personally participated in a constitutional violation or caused the deprivation of a federal right, the Poseys "must do more than make conclusory claims of individual member conduct; specific allegations of individual conduct are required." *Willey v. Bd. of Educ. of St. Mary's Cnty.*, 557 F. Supp. 3d 645, 664 (D. Md. 2021). And so "allegations that refer generally to the group, without identifying specific individuals or conduct, are insufficient to state a claim against any individual board member." *Id.* (citing *Johnson v. Dore*, No. RWT-12-3394, 2013 WL 5335626, at *4 (D. Md. Sept. 20, 2013)).

The Poseys do not allege specific conduct of any of the BOE employees or members. The Poseys identify eight people as defendants in their complaint caption, ECF 6, at 1, and of those eight, they identify only four as defendants who are parties to the case. *Id.* at 2–3. Lukas is the Chairperson of the BOE. Navarro is the Superintendent of Schools. McGraw and Hancock are board members. None of the people in the caption or listed as a party to the case is mentioned in the narrative of their complaint. *See id.* at 6. The Poseys have woefully failed to plead the BOE members or employees are responsible for a constitutional violation. The § 1983 claim against the individual defendants is dismissed without prejudice.[2]

---

[2] The Poseys allege a staff member physically assaulted C.P. at her zoned school. But they do not allege the BOE defendants committed the assault or how they might be vicariously liable for the assault.

7

### B. Title IV of the Civil Rights Act of 1964

The Poseys cannot state a claim under Title IV of the Civil Rights Act because there is no citizen suit provision against school boards. *See* 42 U.S.C. § 2000b(a) (empowering only the Attorney General to bring a cause of action against school boards). As the Supreme Court explained in *Regents of the University of California v. Bakke*:

> Title III and Title IV, dealing with public facilities and public education, respectively, authorize suits by the Attorney General to eliminate racial discrimination in these areas. Because suits to end discrimination in public facilities and public education were already available under 42 U.S.C. § 1983, it was, of course, unnecessary to provide for private actions under Titles III and IV. But each Title carefully provided that its provision for public actions would not adversely affect pre-existing private remedies.

438 U.S. 265, 381 (1978) (citations omitted). The Poseys' Title IV claim is dismissed with prejudice.

### IV. Conclusion

The Poseys have not plausibly stated claims against the BOE defendants. The motion to dismiss is granted. A separate order follows.

Dated: <u>March 7, 2025</u>

_____
Deborah L. Boardman
United States District Judge